UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW ALLEN ROSEN,<br><br>Defendants. | Case No. 2:14-cr-00144-KJD-VCF<br><br>ORDER |

Presently before the Court is Defendant's first Motion for Compassionate Release under First Step Act (ECF #44) and second Motion for Compassionate Release under First Step Act (#64). The United States responded in opposition to both motions. (#48, #66). Defendant replied to the United States' Opposition to his Second Motion for Compassionate Release. (#67).

I.      Factual and Procedural Background

In 2015, Defendant, Matthew Rosen ("Rosen") plead guilty to receipt of child pornography under 18 U.S.C. § 2252A(a)(2). He is now serving a prison sentence of 121 months at FCI Terminal Island and awaits a lifetime of supervised release. His expected release date is on or around March 29, 2024. Rosen requested compassionate release from the Bureau of Prisons ("BOP") in August, November, and December of 2020. The BOP denied all three requests. In all three denials, the BOP stated Rosen did not identify any extraordinary or compelling circumstance that would justify compassionate release.

Now, Rosen asks the Court to grant him compassionate release because of health risks made worse by the COVID-19 pandemic and because of his disabled brother who requires special care. The government opposes Rosen's early release, arguing that Rosen has not proven extraordinary and compelling reasons and that he remains a danger to the community.

The Court addresses both motions for compassionate release.

II.   Analysis

**A.  Legal Standard**

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement. Id.

The Sentencing Commission policy statement explains that "extraordinary and compelling reasons" exist where, among other things, "[t]he defendant is suffering from a serious physical or mental condition or suffering from a serious functional or cognitive impairment… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13. It also explains that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when

1   the defendant would be the only available caregiver for the spouse or registered partner" is an
2   extraordinary and compelling reason Id.

3   **B.  Matthew Rosen's Compassionate Release**

4   Rosen has properly exhausted all his administrative rights in submitting and appealing
5   requests to the BOP. The Court must then consider the same factors applicable at the original
6   sentencing, enumerated in 18 U.S.C. § 3553(a). Those factors include the nature and
7   circumstances of the offense, the need for the sentence imposed, the kinds of sentences available
8   and sentencing ranges established in the guidelines, pertinent policy statements, the need to
9   avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a).
10  The Court considered those factors on the day of sentencing and finds that they warrant the
11  sentence as it stands today.

12  Here, Rosen asserts that he has no criminal history, he was released on pretrial bond for 16
13  months where he was able to work out of state, he is assessed at the low level of risk by his
14  current institution, and he has no victims. (#64, at 31). Rosen was found with 22,286 images and
15  1,609 videos of child pornography, including adult male sexual abuse of children under the age
16  of one. Child pornography is a vicious and cruel industry that is strengthened by people like
17  Rosen. His conduct creates a market that can only be filled by those willing to violate and abuse
18  children, creating countless victims. This behavior is the sort that can be hidden for long periods
19  of time and the crimes are committed in the privacy of the home. Rosen's prelease plan includes
20  him moving to his mother's home where he could easily reoffend. The Court determines that the
21  factors do not favor early release.

22  Second, the Court must analyze whether extraordinary and compelling reasons exist to
23  release Rosen from BOP custody. Rosen argues that he suffers from multiple high risk medical
24  conditions that the BOP has failed to properly treat, and that are made worse by the COVID-19
25  pandemic. (#64, at 8–9). The government argues that Rosen has been vaccinated and that his
26  medical conditions are not of the type that cannot be helped through self-care. (#66, at 4–7). The
27  Court finds that these medical conditions do not justify an early release. Covid cases have
28  dropped significantly, and the pandemic is no longer the threat it once was. See Covid Data

Tracker, CDC (Oct. 6, 2022, 2:36 PM), https://covid.cdc.gov/covid-data-tracker/#datatracker-home. Further, Rosen asserts that he has been vaccinated. (#59, at 3). Rosen can seek legal redress for his allegations that the BOP is failing to provide him adequate medical care for his chronic conditions, however, that redress cannot come from a grant of early release. Rosen must properly grieve conditions of confinement such as "extreme lockdowns" with his institution and then file the appropriate legal action.

Rosen also argues that the primary caregiver for his disabled brother has died, and this is an extraordinary and compelling reason for compassionate release under the policy. (#44, at 15–19). Rosen's mother died of cancer in July 2020. His brother, who is 33 years old, suffers from a cognitive delay and pancreatitis and needs full-time care. Without his mother there to care for his brother, Rosen argues that he is the only one who can properly care for his brother, and he should be released from prison early. However, the Court does not find he meets the requirements necessary to be released before his sentence is complete. Although the Court is sympathetic to the circumstances surrounding Rosen's family situation, Rosen has an older brother and father who can help provide care to his disabled brother while Rosen fulfills his sentence. Further, the commentary to the Guideline applies only to minor child or minor children, or spouse or registered partner, and not to siblings. U.S.S.G. § 1B.13

### III.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motions for Compassionate Release (#44, #64) are **DENIED.**

Dated this 2nd day of November 2022.

_____
Kent J. Dawson
United States District Judge